```
                                              F I L E D
                                         CLERK, U.S. DISTRICT COURT
                                              11/14/2025
                                       CENTRAL DISTRICT OF CALIFORNIA
                                       BY: _____RYO_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2025 Grand Jury

| UNITED STATES OF AMERICA, | CR 2:25-cr-00942-JFW |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. § 846: Conspiracy to Distribute Methamphetamine; 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii): Distribution of Methamphetamine; 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii): Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 371: Conspiracy to Provide Contraband in Prison; 18 U.S.C. § 1791(a)(1): Providing Contraband In Prison; 21 U.S.C. § 853: Criminal Forfeiture] |
| JOSE ISABEL TORRES JR., and JONATHAN RAMIREZ, | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[ALL DEFENDANTS]

[21 U.S.C. § 846]

A.   OBJECTS OF THE CONSPIRACY

Beginning no later than on or about October 18, 2025, and continuing to at least on or about October 18, 2025, in Santa Barbara County, within the Central District of California, and elsewhere,

defendants JOSE ISABEL TORRES JR. and JONATHAN RAMIREZ, and others known and unknown to the Grand Jury, conspired with each other to knowingly and intentionally distribute at least 50 grams, that is, approximately 149.7 grams, of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii).

B.  MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished, in substance, as follows:

1.  Defendants TORRES JR. and RAMIREZ, and others known and unknown to the Grand Jury, would obtain methamphetamine and package it in plastic wrapping that was placed inside tennis balls that were cut open.  The tennis balls were then glued back together with the methamphetamine inside.

2.  Defendants TORRES JR. and RAMIREZ would then travel together to the Federal Correctional Complex Lompoc ("FCC Lompoc"), a prison in Lompoc, California, with the tennis balls containing the methamphetamine.

3.  Defendants TORRES JR. and RAMIREZ would then throw the tennis balls with the methamphetamine over the fence and into the recreation yard of FCC Lompoc to distribute the methamphetamine to inmates incarcerated at the prison.

C.  OVERT ACTS

On or about the following dates, in furtherance of the conspiracy, and to accomplish its objects, defendants, and others known and unknown to the Grand Jury, committed various overt acts

within the Central District of California, and elsewhere, including, but not limited to, the following:

<u>Overt Act No. 1:</u>   On October 18, 2025, defendants TORRES JR. and RAMIREZ travelled to FCC Lompoc with at least seven tennis balls containing plastic bags filled with methamphetamine.

<u>Overt Act No. 2:</u>   On October 18, 2025, defendants TORRES JR. and RAMIREZ dressed in camouflage clothing and approached the fence surrounding FCC Lompoc with the tennis balls containing methamphetamine.

<u>Overt Act No. 3:</u>   On October 18, 2025, defendants TORRES JR. and RAMIREZ threw six tennis balls containing plastic bags filled with approximately 149.7 grams of methamphetamine over the fence and into FCC Lompoc's recreation yard.

COUNT TWO

[ALL DEFENDANTS]

[21 U.S.C. § 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

On or about October 18, 2025, defendants JOSE ISABEL TORRES JR. and JONATHAN RAMIREZ, each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 149.7 grams, of methamphetamine, a Schedule II controlled substance.

## COUNT THREE

## [ALL DEFENDANTS]

[21 U.S.C. § 841(a)(1), (b)(1)(B)(viii); 18 U.S.C. § 2(a)]

On or about October 18, 2025, defendants JOSE ISABEL TORRES JR. and JONATHAN RAMIREZ, each aiding and abetting the other, knowingly and intentionally possessed with the intent to distribute at least five grams, that is, approximately 16.2 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FOUR

[ALL DEFENDANTS]

[18 U.S.C. § 371]

A.  OBJECTS OF THE CONSPIRACY

Beginning no later than on or about October 18, 2025, and continuing to at least on or about October 18, 2025, in Santa Barbara County, within the Central District of California, and elsewhere, defendants JOSE ISABEL TORRES JR. and JONATHAN RAMIREZ, and others known and unknown to the Grand Jury, conspired with each other to knowingly provide a prohibited objects within the meaning of Title 18, United States Code, Section 1791(d)(1)(C), namely, methamphetamine, and Section 1791(d)(1)(F), namely, three cellular telephones, to an inmate of FCC Lompoc, a prison, institution, and facility in which persons are held in custody by direction of and pursuant to a contract and agreement with the Attorney General, in violation of Title 18, United States Code, Section 1791(a)(1).

B.  MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished, in substance, as follows:

1.  Defendants TORRES JR. and RAMIREZ, and others known and unknown to the Grand Jury, would obtain methamphetamine and package it in plastic wrapping that was placed inside tennis balls that were cut open.  The tennis balls were then glued back together with the methamphetamine inside

2.  Defendants TORRES JR. and RAMIREZ, and others known and unknown to the Grand Jury, would obtain cellular telephones and wrap them in plastic bubble wrap packaging.

     3.    Defendants TORRES JR. and RAMIREZ would obtain cellular telephones and wrap them in plastic bubble wrap packaging.

     4.    Defendants would then travel to FCC Lompoc, a federal prison in Lompoc, California, with the phones wrapped in the plastic bubble wrap and the tennis balls containing the methamphetamine.

     5.    Defendants would then throw the phones and tennis balls over the fence and into the recreation yard of FCC Lompoc to provide the phones and methamphetamine to inmates that were incarcerated at the prison.

C.    <u>OVERT ACTS</u>

In furtherance of the conspiracy and to accomplish its objects, on or about the following dates, defendants, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

<u>Overt Act No. 1</u>:    On October 18, 2025, defendants TORRES JR. and RAMIREZ travelled to FCC Lompoc with at least three cellular telephones wrapped in plastic bubble wrap and at least seven tennis balls containing plastic bags filled with methamphetamine.

<u>Overt Act No. 2</u>:    On October 18, 2025, defendants TORRES JR. and RAMIREZ dressed in camouflage clothing and approached the fence surrounding FCC Lompoc with the tennis balls containing methamphetamine and the cellular telephones wrapped in plastic bubble wrap.

<u>Overt Act No. 3</u>:    On October 18, 2025, defendants TORRES JR. and RAMIREZ threw six tennis balls containing plastic bags filled with approximately 149.7 grams of methamphetamine over the fence and into FCC Lompoc's recreation yard

<u>Overt Act No. 4:</u>   On October 18, 2025, defendants TORRES JR. and RAMIREZ threw three cellular telephones wrapped in plastic bubble wrap over the fence and into FCC Lompoc's recreation yard.

COUNT FIVE

[18 U.S.C. § 1791(a)(1), (b)(1); 18 U.S.C. § 2(a)]

On or about October 18, 2025, defendants JOSE ISABEL TORRES JR. and JONATHAN RAMIREZ, each aiding and abetting the other and others known and unknown to the Grand Jury, knowingly provided and attempted to provide a prohibited object within the meaning of Title 18, United States Code, Section 1791(d)(1), namely, methamphetamine, to an inmate of FCC Lompoc, a prison, institution, and facility in which persons are held in custody by direction of and pursuant to a contract and agreement with the Attorney General.

COUNT SIX

[18 U.S.C. § 1791(a)(1), (b)(4); 18 U.S.C. § 2(a)]

[CLASS A MISDEMEANOR]

On or about October 18, 2025, defendants JOSE ISABEL TORRES JR. and JONATHAN RAMIREZ, each aiding and abetting the other and others known and unknown to the Grand Jury, knowingly provided and attempted to provide a prohibited object within the meaning of Title 18, United States Code, Section 1791(d)(1), namely, three cellular telephones, to an inmate of FCC Lompoc, a prison, institution, and facility in which persons are held in custody by direction of and pursuant to a contract and agreement with the Attorney General.

FORFEITURE ALLEGATION

[21 U.S.C. § 853]

1.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of a conviction on Counts One or Two in this Indictment.

2.  Defendants, if so convicted, shall forfeit to the United States of America the following:

   (a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense;

   (b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense; and

   (c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.  Pursuant to Title 21, United States Code, Section 853(p), defendants, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

//

//

in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

BILAL A. ESSAYLI
Acting United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

*Frances D. Lewis* (signature)

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SHAWN T. ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes Section

NEIL P. THAKOR
Assistant United States Attorney
General Crimes Section